# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HELEN BRINICH-BARNES,

Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, et al.

Defendants.

Case No. 1:24-cv-01414-KES-EGC

**ORDER VACATING HEARING**

**FINDINGS AND RECOMMENDATIONS TO GRANT U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION LIMTED'S LIMITED INTERVENTION FOR THE PURPOSES OF MOVING TO EXPUNGE THE LIS PENDENS, GRANT THE MOTION TO EXPUNGE THE LIS PENDENS, AND AWARD FEES**

(Doc. 40)

*Pro se* Plaintiff Helen Brinich-Barnes ("Plaintiff") brought this action against Defendants Ocwen Loan Servicing, LLC and PHH Mortgage Corporation. This action stems from Plaintiff's unsuccessful attempts to halt foreclosure on the Subject Property. On August 4, 2025, this Court adopted the assigned magistrate's findings and recommendations, (Doc. 26), and granted Defendant's Motion to Dismiss, (Doc. 9), without leave to amend, (Doc. 29). Judgment was entered against Plaintiff and for Defendants that same day, (Doc. 30).

On August 29, 2025, Plaintiff appealed that judgment to the Ninth Circuit. (Doc. 31). That appeal remains pending.

On July 30, 2026, U.S. Bank Trust Company, National Association, ("Intervenor Defendant") moved for limited intervention to bring a motion to expunge a related lis pendens. (Doc. 35). On August 13, Plaintiff filed her opposition. (Doc. 41). No reply was timely filed. (*See* Docket).

On July 31, 2026, the assigned district judge referred the matter to the undersigned for preparation of findings and recommendations. (Doc. 38).

The undersigned finds that the motion is suitable for decision without oral argument, *see* E.D. Cal. Local Rule 230(g), and will therefore vacate the hearing scheduled for September 23, 2026. For the foregoing reasons the undersigned will recommend that Intervenor Defendant's motion be granted.

## I. BACKGROUND

The factual background has been laid out in a prior order of this court and need not be recounted in full. (*See* Doc. 26). As relevant here, on August 22, 2018, real property located at 117 E 21st St., Merced, CA 95340 (the "Property") was foreclosed upon. (*See id.* at 3). In March 2019, Plaintiff filed a civil suit against Defendant Ocwen in Merced County Superior Court. (*See id.* at 4). That case was closed upon the state court's grant of Defendants' motion for summary judgment on April 9, 2024. (*See id.* at 11). On November 19, 2024, Plaintiff commenced this action *pro se*. (*See* Doc. 1). On November 22, 2024, Plaintiff recorded a Notice of Pendency of Action ("lis pendens") in regarding the property. (Doc. 35-3 at 2–3). On August 4, 2025, the Court dismissed this action and entered judgment in favor of Defendants. (Doc. 29).

## II. LEGAL STANDARDS & ANALYSIS

### A. Intervention and Expungement of Lis Pendens

Federal courts look to state law when deciding matters involving lis pendens. *See* 28 U.S.C. § 1964 (requiring a party to comply with state law notice requirements in actions concerning real property in order to give constructive notice of an action pending in a United States district court related to real property in that state).

Under Cal. Civ. Proc. Code § 405.30, a party to an action may ask a court in which that action is pending to expunge the notice of lis pendens. A "court shall order that the notice be expunged if that court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. Code § 405.32. "'Probable validity,' with respect to a real property claim, means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Cal. Civ. Proc. Code

§ 405.3. The claimant has the burden of proof. Cal. Civ. Proc. Code § 405.30.

While Plaintiff filed an opposition to the motion, she does not oppose Intervenor Defendant's intervention for the limited purpose of adjudicating the motion to expunge the lis pendens. (*See* Doc. 41 at 6–7). Further, Plaintiff acknowledges that the lis pendens is procedurally defective. (*Compare id.* at 3 ("Plaintiff acknowledges that the recorded notice bears her signature and does not appear on its fact to bear counsel's signature or judicial approval."), *with* Cal. Code Civ. P. 405.21 ("An attorney of record in an action may sign a notice of pendency of action. Alternatively, a judge of the court in which an action that includes a real property claim is pending may, upon request of a party thereto, approve a notice of pendency of action. A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to [an inapplicable subsection regarding eminent domain]")); *see also In re Bula Devs., Inc.*, No. 23-24619-C-11, 2025 WL 1336146, at *7 (Bankr. E.D. Cal. May 7, 2025) ("The Notice of Pendency is void on its face because it was signed by "Faizal Adawan pro se" but was recorded and filed by Natasha Mora without the approval by a judge as required by Cal. Code Civ. P. § 405.21).

Moreover, even if Plaintiff had opposed Intervenor Defendant's motion, the undersigned finds that in light of the judgment against Plaintiff, Plaintiff could not meet the burden of establishing that the pleading on which the notice is based, *i.e.* plaintiff's complaint, contains a real property claim of probable validity. Therefore, the undersigned will recommend that Intervenor Defendant's motion for an order to expunge the lis pendens be granted. *See Wadhwa v. Aurora Loan Servs., LLC*, No. CIV S-11-1525 WBS-DAD, 2012 WL 2371304, at *2 (E.D. Cal. June 21, 2012), *report and recommendation adopted*, 2012 WL 3070718 (E.D. Cal. July 26, 2012); *Manlangit v. Nat'l City Mortg.*, No. CIV S–11–1618 JAM EFB PS, 2012 WL 1413985 (E.D. Cal. Apr.23, 2012); *Cornell v. Select Portfolio Servicing, Inc.*, No. CIV S–11–1462 KJM–EFB, 2011 WL 6097721, at *2 (E.D. Cal. Nov.29, 2011) (granting motion to expunge lis pendens where plaintiff's claims were dismissed because "[o]nce that action has been dismissed, the lis pendens serves no purpose, and thus, must be expunged."); *accord Leramo v. Wells Fargo Bank,*

*N.A.*, No. 119CV00090DADJLT, 2019 WL 2089990, at *1 (E.D. Cal. May 13, 2019); *Silas v. Argent Mortg. Co.*, LLC, No. 117CV00703LJOJLT, 2017 WL 3131057, at *11 (E.D. Cal. July 24, 2017); *Singh v. Baidwan*, No. 214CV00603TLNCKD, 2017 WL 616436, at *2 (E.D. Cal. Feb. 14, 2017).

**B. Reasonable Attorney's Fees**

Because the undersigned recommends granting Intervenor Defendant's motion to expunge, the undersigned must award Defendants reasonable attorney's fees and costs associated with bringing the motion unless Plaintiffs "acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. Proc. § 405.38. Plaintiffs bear the burden of proving they acted with substantial justification. *See Am. Nat'l Red Cross v. United Way Calif. Capital Region*, No. CIV S–07–1236 WBS DAD, 2007 WL 4522967, at *7 (E.D. Cal. Dec. 19, 2007). "California cases have defined a 'substantially justified' position to mean one which is justified to a degree that would satisfy a reasonable person, or 'has a reasonable basis both in law and fact.'" *Wertin v. Franchise Tax Bd.*, 80 Cal. Rptr. 2d 644, 654 (Cal. Ct. App. 1998).

Here, Plaintiff was not substantially justified in refusing to withdraw the lis pendens voluntarily at the request of Intervenor Defendant's counsel. (Doc. 35-2 (Declaration of Mari-Elizabeth Sanford ("Sanford Decl."))). Plaintiff has had judgments entered against her in both the Initial State Court Action and the Federal Court Action related to her attempts to reclaim the Subject Property. Plaintiff has had her proverbial day in court—twice—and has lost. Moreover, as previously discussed, Plaintiff does not substantively oppose the motion in relevant part.

The undersigned finds that there was no substantial justification for failing to withdraw the lis pendens under the circumstances, *see Silas*, 2017 WL 3131057, at *12, and therefore recommends granting Intervenor Defendant's request for attorney's fees and costs incurred in bringing this motion in the amount of $1,650.00.[1] (Sanford Decl. ¶ 9)

---

[1] Intervenor Defendant asks for additional fees in the amount of $2,310.00 for "anticipate[d]" time spent "preparing a reply to any opposition and preparing for and attending the hearing on the motion. (Sanford Decl. ¶ 10). Because no reply was filed and no hearing held, the undersigned recommends granting the motion for fees only insofar as there is documentation and proof of time expended.

## III. CONCLUSION & RECOMMENDATION

For the aforementioned reasons the undersigned ORDERS that the hearing scheduled for September 23, 2026 is hereby VACATED. The undersigned further RECOMMENDS that:

1. U.S. Bank Trust Company, National Association's motion to intervene, (Doc. 35), for the purposes of bringing the motion to expunge the lis pendens, (*id.*), be GRANTED;
2. Intervenor Defendant U.S. Bank Trust Company, National Association's motion to expunge the lis pendens, (Doc. 35), be GRANTED; and
3. Plaintiff be ORDERED to pay Intervenor Defendant U.S. Bank Trust Company, National Association's attorney's fees and costs in the amount of $1,650.00.

These Findings and Recommendation will be submitted to the assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). Within twenty-one (21) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court **DIRECTS** the Clerk of Court to send a copy of this Order to Plaintiff at her address as listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Erin Sky Castillo

UNITED STATES MAGISTRATE JUDGE